# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAFAYETTE DIVISION

| | |
|---|---|
| CLARENCE WINFREY | CIVIL ACTION NO. 06-1667 |
| VS. | SECTION P |
| BURL CAIN, WARDEN | JUDGE MELANÇON |
| | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254 on September 27, 2006 by *pro se* petitioner Clarence Winfrey.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, in Angola, Louisiana where he is serving a forty year sentence imposed following his June 30, 2000[1] conviction for manslaughter entered in the Fifteenth Judicial District Court for Lafayette Parish.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DENIED** and **DISMISSED WITH PREJUDICE** because petitioner's claim is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and alternatively, because petitioner's claim is without merit.

---

[1]Petitioner alleges that he entered his guilty plea on June 31, 2000.  However, given that June has only thirty days, the undersigned has construed petitioner's pleading as containing a typographical error and accordingly, the undersigned has deemed petitioner's conviction date as the last day of June, 2000, that is, June 30, 2000.

### *Statement of the Case*

On November 12, 1997, petitioner was indicted by a Lafayette Parish Grand Jury for first degree murder.  On June 30, 2000, petitioner pled guilty to a reduced charge of manslaughter for which petitioner was sentenced to serve forty years imprisonment. Petitioner's guilty plea was entered in accordance with a plea agreement whereby in exchange for his plea of guilty to the reduced charge of manslaughter, the state would agree not to prosecute petitioner as a  multiple offender.  Petitioner did not appeal his conviction or sentence.

However, on some unspecified date,  petitioner filed an Application for Post-Conviction Relief in the Fifteenth Judicial District Court. That  Application was denied by the trial court. Petitioner apparently did not seek review of the trial court's ruling in the Louisiana appellate courts.

On June 27, 2005, petitioner filed a second Application for Post-Conviction Relief in the Fifteenth Judicial District Court.  The trial court denied and dismissed the application finding the application was successive as it raised a new or different claim that was inexcusably omitted from petitioner's prior application  pursuant to La.C.Cr.P. art. 930.4(E).[2]  On September 1, 2005, the Louisiana Third Circuit Court of Appeals denied petitioner's request for writs finding that the Application had been untimely filed after the two year limitations period for filing post-conviction relief applications had

---

[2] LSA C.Cr.P. art. 930.4(E) provides: "A successive application may be dismissed if it raises a new or different claim that was inexcusably omitted from a prior application."

2

expired.  On August 18, 2006, the Louisiana Supreme Court likewise denied petitioner's request for review finding petitioner's application untimely and hence barred by  the limitation period set forth in L.C.Cr.P. article 930.8.[3]  *State ex rel. Clarence Winfrey v. State of Louisiana*, 2006-0366, 935 So.2d 154 (La. 8/18/2006).

Petitioner signed the instant federal *habeas corpus* petition on September 24, 2006. The petition was  received and filed by the Clerk of this court on September 27, 2006. Petitioner argues a single claim for relief, namely, that his conviction is null and void because petitioner was never indicted by a grand jury for manslaughter nor charged with manslaughter by bill of information.

### *Law and Analysis*

#### *Timeliness*

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, this court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *In Re Smith,* 142 F.3d 832, 834, *citing Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).

Title 28 U.S.C. § 2244(d)(1)(A) was amended by AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in

---

[3] LSA C.Cr.P. art. 930.8 provides in pertinent part, "No application for post-conviction relief ... shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922..."

custody pursuant to the judgment of a State court.  This limitation period generally runs from "... the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review ...." 28 U.S.C. § 2244(d)(1)(A).[4]

The statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) provides that the time during which a properly filed application for post-conviction relief was pending in state court is not counted toward the limitation period.   *Ott v. Johnson,* 192 F.3d 510, 512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C. § 2244(d)(2).  However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1; *Melançon v. Kaylo*, 259 F.3d 401, 404 (5th Cir. 2001); *See also Salinas v. Cockrell*, 354 F.3d 425 (5th Cir. 2004). A petitioner cannot "revive an expired limitation period by simply  filing a state [court] petition ...."  *Villegas,* 184 F.3d at 472 *citing Flanagan,* 154 F.3d at 199, n.1*; Bogan v. Moore*, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999); *Banford v. Cain*, 2000 WL 1808491, *2 (E.D.La. 2000); *Williams v. Cain*, 2000 WL 863132, *2 (E.D.La. 2000)*; Magee v. Cain*, 2000 WL 1023423, *4 (E.D.La. 2000); *Anderson v. Cain*, 2005 WL 2304484, *2 (W.D.La. 2005); *Jones v. Cain*, 2005 WL 2304489, *2 (W.D.La. 2005).  Federal courts may raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

---

[4] Petitioner alleges no state created impediment which implicated the Constitution or other federal law which prevented the timely filing of the instant petition, nor does he base his petition on any newly recognized retroactively applicable constitutional right, or on claims for which the factual predicate was only recently discovered.   See 28 U.S.C. § 2244(d)(1)(B), (C), and (D).  Accordingly, these subsections are inapplicable.

Petitioner was convicted of manslaughter on June 30, 2000.   Petitioner did not appeal his conviction or sentence.  Thus, petitioner's conviction became final after the delay  for seeking direct review in the  Louisiana Third Circuit Court of Appeals expired, that is, at the latest, June 30, 2001, thirty days after petitioner entered and was sentenced in accordance with his guilty plea.  See La.C Cr.P. art. 914 [5]; *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000).

Under 28 U.S.C. § 2244(d)(1), petitioner had one year, or until June 30, 2001, to file for relief in this court.  Petitioner alleges that he filed an initial or first Application for Post-Conviction Relief.   Assuming that Application was filed prior to the expiration of the federal one year limitation period for filing federal *habeas corpus* petitions, under 28 U.S.C. § 2244(d)(2), that Application would have tolled the limitation period the entire time that it remained pending, that is, from the date of filing through the date the application was finally denied. Although petitioner has not stated the date that his first Application was denied by the trial court, assuming that the Application remained pending the entire five year period preceding the date that petitioner filed his second Application for Post-Conviction Relief on June 27, 2005, the instant application is nevertheless untimely filed.[6]

---

[5] At the time of petitioner's conviction, La. C.Cr.P. art. 914(B)(1) provided only a five day period to move for an appeal. However, article 914 was amended by Act No. 949 § 1 of the 2003 Louisiana Legislature to extend the time period to thirty days.  Accordingly, the undersigned has given petitioner the benefit of the longer period in the amended rule.

[6] The undersigned notes that it is highly unlikely that petitioner's first Application for Post-Conviction Relief could have remained pending for the entire five year period from the date petitioner's conviction became final

5

The record and the published jurisprudence of the State of Louisiana clearly demonstrates that the Louisiana state appellate courts found petitioner's second Application for Post-Conviction Relief had been untimely filed, and hence, barred under the provisions of La.C.Cr.P. article 930.8.  *See State ex rel. Clarence Winfrey v. State of Louisiana*, 2006-0366, 935 So.2d 154 (La. 8/18/2006).  However, statutory tolling applies only during the pendency of a "properly filed" application for state post-conviction review. *See* 28 U.S.C. § 2244(d)(2).  Because the Louisiana appellate courts found petitioner's second post-conviction application was untimely filed, it cannot be deemed "properly filed" for purposes of statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005).  Thus, the Application did not statutorily toll the federal one year limitation period, and the entire time the application remained pending in the Louisiana state courts is counted in calculating the federal one year limitation period. It is beyond dispute that petitioner's improperly filed second Application for post-conviction relief remained pending for over one year, from its filing on July 27, 2005 to August 18, 2006 when the Louisiana Supreme Court dismissed the Application as untimely.  That period alone exceeds the federal one year limitation period.  Hence, the instant petition is unquestionably time-barred.

---

until the filing of his second Application.  However, for purposes of this Report and Recommendation, the undersigned will assume that to have been the case.  It is more likely, however, that the Application was denied shortly after its filing, years before the filing of petitioner's second post-conviction application.

Finally, petitioner cannot rely on the doctrine of equitable tolling because his pleadings fail to present any "rare and exceptional circumstances" warranting application of the doctrine.  *See Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir.2000); *Felder v. Johnson*, 204 F.3d 168, 171- 72 (5th Cir.2000); *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999).

"Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder*, 204 F.3d at 171 *citing Coleman, v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  As a consequence, neither "excusable neglect" nor ignorance of the law is sufficient to justify equitable tolling.  *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder*, 204 F.3d at 171 *citing Fisher*, 174 F.3d at 714.  *See also Coleman*, 184 F.3d at 402.  Moreover, in order for equitable tolling to apply, the applicant must diligently pursue his § 2254 relief.  *Coleman*, 184 F.3d at 403.  In this case, petitioner did not even attempt to collaterally challenge his conviction in the Louisiana state courts  on the basis of an alleged inadequate charging instrument until approximately five years after his conviction became final.  As the Fifth Circuit has noted, "equity is not intended for those who sleep on their rights."  *Id. citing  Fisher v. Johnson,* 174 F.3d 710 (5th Cir.1999).  Petitioner should have investigated his potential claim and the factual basis for that claim in a timely manner, and then pursued those claims diligently in both the state courts and this court.

In accordance with the foregoing analysis, the undersigned finds that petitioner's claim is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d).

***Merits***

Even if the instant petition had been timely filed, petitioner's claim is nevertheless without merit and therefore subject to summary dismissal.  Petitioner's sole claim is that his conviction is null and void because petitioner was never indicted by a grand jury for manslaughter nor charged with manslaughter by bill of information.  Petitioner admits that he was indicted by the grand jury for the first degree murder of Raymond Dupre in violation of La.R.S. 14:30.  Under Louisiana law, manslaughter is a responsive verdict to both first and second degree murder. *See State v. Harris*, 812 So.2d 612, 616 (La. 2002); *State v. Allen*, 416 So.2d 553, 553-554 (La. 1982); L.C.Cr.P. art. 814(A)(1) and (3); *Mullen v. Henderson*, 312 F.Supp. 1363, 1367 (M.D.La. 1970).  Thus, there was no need to re-indict petitioner for manslaughter or amend the murder indictment originally brought against petitioner, nor was it necessary to file a bill of information charging petitioner with manslaughter, prior to accepting his guilty plea to the responsive verdict of manslaughter.  *State v. Harden,* 506 So.2d 1265, 1271 (La.App.2 Cir. 1987); *Bridgwater v. Cain,* 1999 WL 562732, *4 (E.D.La. 1999) *citing* L.C.Cr.P. arts. 558 and 814 and *State v. Moore*, 595 So.2d 334 (La. App. 3 Cir. 1992). *See also* L.C.Cr.P. arts. 558 and 487(B); *State v. Lozado*, 594 So.2d 1063 (La. App. 3 Cir. 1992).  To the contrary, Louisiana jurisprudence is replete with case law allowing persons to plead guilty to manslaughter

8

after having been indicted for murder, without any requirement that there be any changes to the charging instrument prior to acceptance of the guilty plea. *See State v. Shabaz*, 2006 WL 3813699, * 1 (La.App. 1 Cir. 2006); *State v. Hughes*, 943 So.2d 1047, 1050 (La. 2006); *State v. Johnson*, 2006 WL 3111248, *1 (La.App. 1 Cir. 2006); *State v. Hall*, 794 So.2d 920, 923 (La.App. 2 Cir. 2001); *State v. Fairley*, 711 So.2d 349, 350 (La.App. 1 Cir. 1998); *State v. Williams*, 536 So.2d 612, 613 (La.App. 1 Cir. 1988); *State v. Simpson*, 506 So.2d 837, 837 (La.App. 1 Cir. 1987); and *State v. Horton*, 479 So.2d 528, 529 (La.App. 1 Cir. 1987). Petitioner's claim is clearly without merit.

Further, to the extent that petitioner complains that he was deprived of any federal constitutional rights by virtue of an allegedly defective or insufficient indictment, such claims are not a matter for federal *habeas corpus* relief, unless it can be shown that the indictment is so defective that the convicting court had no jurisdiction." *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir.1984) *citing Branch v. Estelle*, 631 F.2d 1229, 1233 (5th Cir.1980); *See also Bridgewater, supra*. (Assuming the prosecutor did not amend the indictment to reflect manslaughter, such failure "is at most a violation of state law and does not give rise to a constitutional claim."). In light of the above, that is clearly not the case herein. Moreover, the Louisiana Supreme Court has held that Louisiana courts have jurisdiction to accept pleas to responsive offenses, offenses of lesser magnitude, and even non-responsive offenses to that charged in the original charging instrument. *State v. Jackson*, 916 So.2d 1015 (La. 2005); *State v. Green*, 269 So.2d 460 (La. 1972).

For the reasons set forth above;

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE**  because petitioner's claim is barred by the one-year limitation period codified at 28 U.S.C. § 2244(d), and alternatively, because petitioner's claim is without merit.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A  party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.  *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 19th day of February, 2007.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE